## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TERRY MOORE,**

      **Plaintiff,**

**vs.**                                      **Case No. 4:05cv276-WS/WCS**

**WARDEN M. REDD, et al.,**

      **Defendants.**

                                  **/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, submitted a motion seeking leave to proceed *in forma pauperis*, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983. Doc. 1.  Plaintiff is a prisoner incarcerated by the State of Florida and the complaint concerns conditions of Plaintiff's confinement.

Plaintiff has alternately filed actions in the federal courts as Terry Moore and as Joseph El-Amin.  The Florida Department of Corrections' inmate number (278427) is the same for both Joseph El-Amin and Terry Moore; this is the same person.

Plaintiff attempted to initiated a civil rights case in the Middle District of Florida, case number 3:01cv716-J-20HTS.  The Court noted in that case that Plaintiff has had

three or more cases previously dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) case 2:93cv151; (2) case 5:96cv220; and (3) case 3:99cv43. Doc. 3 of case 3:01cv716. Thus, the case was dismissed without prejudice, Plaintiff was denied *in forma pauperis* status as is required by 28 U.S.C. § 1915(g), and more importantly for this case, Plaintiff was clearly made aware that he was not entitled to proceed *in forma pauperis* in the courts of the United States.  That case was dismissed on July 6, 2001.[1]

Moreover, Plaintiff previously attempted to proceed in the Northern District by filing case 5:04cv145-LC/WCS.  There, it was discovered that Plaintiff was attempted to hide the number of cases he had filed; thus, the complaint was dismissed in part because of Plaintiff's failure to honestly disclose his prior filings.  It was also noted that Plaintiff was not entitled to *in forma pauperis* status due to the numerous § 1915 dismissals.  Furthermore, in a report and recommendation entered by the undersigned on August 26, 2004, in that case, the conclusion drawn from Plaintiff's complaint was that Plaintiff was intentionally trying to deceive the Court in alleging that he was under imminent danger of serious physical injury to avoid the § 1915(g) bar despite obvious deficiencies with such claims.  Doc. 16, case number 5:04cv145-LC/WCS.

In this action, Plaintiff has once again failed to identify all previous cases he has filed and all prior § 1915 dismissals.  Doc. 1.  Plaintiff's complaint is, therefore, once again abusive to the judicial process.  More importantly, Plaintiff's complaint does not

---

[1] Some other cases filed by Plaintiff which were dismissed for reasons which count as strikes under 28 U.S.C. § 1915(g) are: (1) case 3:99cv179, Moore v. Morgan, et al.; case 3:99cv178, Moore v. Snow, et al; and (3) case 3:99cv327.  This list is not exhaustive, but is reflective of the number of times Plaintiff has had cases dismissed under 28 U.S.C. § 1915(e)(2)(B).

present any allegations showing that Plaintiff is under imminent danger of serious physical injury.  Accordingly, Plaintiff is not entitled to proceed with this case without full prepayment of the $250.00 filing fee.  Plaintiff's case must be dismissed without prejudice to his filing a new action in which Plaintiff clearly admits he is not entitled to *in forma pauperis* status due to his "strikes" under § 1915(g), and for which Plaintiff pays the entire filing fee at the time he submits the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g); that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for abuse of the judicial process; and that the Clerk of Court note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2005.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**